THE McGOVERN GRANITE COMPANY *v*. VETERANS' HOME COMMISSION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 7th—decided May 5th, 1938.

*Josiah H. Peck,* with whom was *Frederick H. Water-house,* for the appellant (plaintiff).

*Leo V. Gaffney,* Assistant Attorney General, with whom, on the brief, was *Charles J. McLaughlin,* Attorney General, for the appellee (defendant).

MALTBIE, C. J.   Previous to July 1st, 1935, the statutes provided that the adjutant general should, upon application, cause a headstone to be erected at

the grave of one who had served in the military or naval forces of the English colonies in America, or of any veteran, when the grave was not suitably marked, and also that he should, upon application and proof in accordance with the terms of the statute, cause memorials to be erected for veterans buried abroad or missing. General Statutes, §§ 1962, 1963. The plaintiff had, under sundry contracts with the State acting by the adjutant general, erected headstones and memorials under the statutes for some years before 1935. On January 5th, 1935, a new contract was entered into between the plaintiff and the adjutant general acting for the State which provided that the former should continue to erect the headstones and memorials and which was to run for a term of five years. In this contract the plaintiff agreed to furnish headstones conforming to certain specifications recited in it and subject to the inspection, approval and acceptance of the adjutant general or someone representing him, to erect the headstones in such places "as they may be ordered from time to time by the said adjutant general," and the adjutant general on behalf of the State agreed to pay through the comptroller the specified price "for every headstone ordered" by him after it had been inspected and approved.

At the legislative session in 1935 the sections of the statutes concerning the erection of headstones and memorials were amended by providing that the veterans' home commission instead of the adjutant general should cause them to be erected, but without other change material to the issues before us. General Statutes, Cum. Sup. 1935, §§ 777c and 778c. In July, 1935, the plaintiff entered into a contract with the commission to furnish and erect the headstones for the term of two years. The provisions of the contract were substantially the same as that previously made

with the adjutant general except that the headstones were to be inspected, approved and accepted by the commission or someone representing it, it was to provide payment for them through the comptroller, and the agreement of the plaintiff was to erect them in such places "as may be ordered from time to time" by the commission. The contract of 1935 having expired and not having been renewed, the plaintiff brought this action, making the commission defendant, and seeking a declaratory judgment which should determine whether the five year contract with the adjutant general was still in force and whether the commission was legally bound to order from the plaintiff all headstones authorized to be erected under the statutes until the expiration of that contract. The trial court held that the contract with the commission was a substitute for that with the adjutant general, which was no longer in force; and the plaintiff has appealed.

A short answer to the contentions of the plaintiff that the contract with the adjutant general is still in force might be made. Under that contract the plaintiff would be entitled to payment only for such headstones as it might furnish and erect upon the order of the adjutant general. The amendments to the statutes have deprived him of any power to order headstones. The original contract cannot now be in continuing force because performance of its terms is not legally possible. However, to rest our decision upon this ground would leave open certain possibilities of future litigation which, under the decision of the trial court, are foreclosed. We therefore approach the question from the standpoint it adopted.

The trial court has found that it was the intention of both parties to the second contract that it supersede the earlier one. The paragraphs of the finding to this effect are attacked in the appeal as having been

found without evidence, and the plaintiff seeks to have the finding corrected to state that the president of the plaintiff corporation stated to various members of the commission that he wished to retain the five-year contract made with the adjutant general and did not intend to cancel it and that he was assured that the second contract was merely for the convenience of the commission. The president was the only witness, but his testimony, even if the trial court had fully accepted it, would have fallen short of supporting the additions sought. In the course of that testimony he twice stated that he expected the second contract to be renewed at its expiration, and the trial court may well have deemed this statement to have been strongly indicative of his understanding that the contract thus renewed was to take the place of the original agreement.

The court, in making its finding as to the intent of the parties, was not restricted to oral testimony but was entitled to consider the terms of the two contracts and the change in the statutes which led to the making of the second. After the amendment to the statutes, the earlier contract was no longer operable because the power to order the erection of headstones or to provide for payment for them was taken away from the adjutant general and given to the commission. After July 1st, 1935, the former could order none to be erected so as to comply with the contract with him, and the latter could order none which could be erected under that contract, because only headstones ordered by the former were within its terms. If the plaintiff was to continue to furnish and erect headstones under contract a new agreement was essential which could only operate upon the same subject-matter as the earlier one. This the plaintiff obviously recognized and the trial court has found that after the execution of the

second contract the plaintiff carried on the work under it. To hold that the plaintiff intended to keep alive but inoperative the earlier contract while it was acting under the terms of the latter one and at its expiration expected to resume the work under the earlier agreement, which by the change in the statutes had become inoperable, would be to attribute to it an intent hardly to be reconciled with its conduct and the surrounding circumstances. We cannot hold that the trial court could not reasonably have found that both parties intended that the second contract should supersede the earlier one. In fact it would be difficult to come to any other conclusion when the second contract is read in the light of the surrounding circumstances. That being so, the conclusion of the trial court that the second contract was a substitute for the earlier one and discharged it must be sustained. *Riverside Coal Co.* v. *American Coal Co.*, 107 Conn. 40, 45, 139 Atl. 276; *United States ex rel. International Contracting Co.* v. *Lamont*, 155 U. S. 303, 309, 15 Sup. Ct. 97; 3 Elliott, Contracts, § 1865; 4 Page, Contracts, § 2494.

There is no error.

In this opinion the other judges concurred.